Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Universal Dyeing & Printing, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Zoetop Business Co., Ltd., individually and d/b/a "SheIn," a Hong Kong private limited company; and Does 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Universal Dyeing & Printing, Inc., through counsel, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Universal Dyeing & Printing, Inc. is a California corporation.

5. Upon information and belief, Plaintiff alleges that Defendant Zoetop Business Co., Ltd., individually and d/b/a SheIn ("SheIn") is a Hong Kong private limited company doing business in and with California.

6. Upon information and belief, Plaintiff alleges that Defendants Does 1 through 10 (collectively, "DOE Defendants") (altogether with SheIn, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Upon information and belief, Plaintiff alleges that each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## SHEIN'S INFRINGEMENT OF UNIVERSAL'S COPYRIGHTS IN THE SUBJECT DESIGNS

8. Plaintiff owns five original two-dimensional artworks used for purposes of textile printing, respectively entitled UA13589, UA16033, UA17504,

2
COMPLAINT

UA17749, and UA16802, and respectively registered with the U.S. Copyright Office under Reg. Nos. VA 1-714-060, VA 1-822-420, VA 1-864-071, VA 1-868-124, and VA 1-821-783 (collectively, the "Subject Designs").

9. Plaintiff widely disseminated the Subject Designs to numerous parties in the fashion and apparel industries.

10. Following Plaintiff's distribution of the Subject Designs, Defendants, and each of them, created, manufactured, distributed, advertised, marketed, promoted, offered for sale, sold, displayed, published, reproduced, created derivative works, and/or otherwise used fabric and/or garments featuring a design that is strikingly and/or substantially similar to the Subject Designs without license, authorization, or consent from Plaintiff (collectively, the "Accused Products"). Representative examples of the Subject Designs, along with non-exhaustive examples of Accused Products, are below:

| Subject Designs | Accused Products |
|---|---|
| UA13589 |  |





11. From November 2021 through May 2022, Plaintiff sent correspondence to SheIn requesting that SheIn cease-and-desist from its use of the Accused Products and provide Plaintiff with information regarding that use so the parties could explore an amicable, pre-litigation resolution. SheIn failed to provide the information requested and stopped responding altogether. Worse still, after confirming receipt of Plaintiff's multiple cease-and-desist correspondences, SheIn continued to create, manufacture, distribute, advertise, market, promote, offer for sale, sell, display, publish, reproduce, created derivative works, and/or otherwise use the Accused Products. SheIn's conduct necessitated this action.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement - Against All Defendants, and Each)**

12. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

13. Upon information and belief, Plaintiff alleges that Defendants, and each of them, had access to the Subject Designs, including through (a) Plaintiff's showroom and/or design library; (b) unlawfully distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants (e.g., international and/or overseas converters and printing mills); (c) Plaintiff's strike-offs and samples; and/or (d) garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Designs.

14. Upon information and belief, Plaintiff alleges that one or more of the Defendants is a garment manufacturer and/or vendor; that said Defendant(s), and each of them, has/have an ongoing business relationship with Defendant retailers, and each of them; that said Defendants supplied garments, including the Accused Products, to said Defendant retailers; and that said Defendant retailers used the Accused Products as alleged above.

15. Due to Defendants', and each of their, acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

16. Due to Defendants', and each of their, acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Designs in an amount to be established at trial.

17. Upon information and belief, Plaintiff alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge, or in reckless disregard, of Plaintiff's copyrights in the Subject Designs, such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone working in concert with Defendants and/or their agents, be enjoined from importing, manufacturing, distributing, offering for sale, selling, or otherwise trafficking in any product that infringes Plaintiff's copyrights in Subject Designs, including the Accused Products;

b. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///

///

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: June 1, 2022

DONIGER/BURROUGHS

By: */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Trevor W. Barrett, Esq.
Benjamin F. Tookey, Esq.
*Attorneys for Plaintiff*